UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY PAYNE,

    Plaintiff,

v.

DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al.*,

    Defendants.

CASE NO. 3:20-cv-05950-RJB-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING EXTENSION

This matter has been referred to the undersigned by the District Court. Dkt. 10. The case is before the Court on plaintiff's motions for appointment of counsel (Dkt. 9) and for an extension of time in which to file his reply in support of the motion. Dkt. 14. For the reasons discussed below, the motion for appointment of counsel is denied, and the motion for an extension is granted.

**BACKGROUND**

In August 2020, plaintiff brought suit in state court against the Washington State Department of Social and Health Services; the Special Commitment Center ("SCC"); former

1  SCC CEOs Henry Richards, William Van Hook, and Sjan Talbot; and current SCC CEO David
2  Flynn.  Dkt. 1-1, at 3.  Plaintiff asserts that the wages paid to SCC detainees are less than the
3  federal minimum wage and that this violates equal protection and due process and constitutes
4  unjust enrichment under Washington State law.  Dkt. 1-1, at 4–5, 10–13.  Plaintiff alleges that
5  other, similarly situated detainees at different institutions are paid at least federal minimum
6  wage.  *See* Dkt. 1-1, at 10.  Plaintiff requests declaratory and injunctive relief and damages in the
7  form of back pay.  Dkt. 1-1, at 14.
8        Defendants removed the matter to federal court.  Dkt. 1.  Plaintiff then filed a motion for
9  appointment of counsel.  Dkt. 9.
10       The Court takes judicial notice that plaintiff is also a plaintiff in another pending case in
11 this Court, *Anderson et al. v. Cheryl Strange et al.*, 3:19-cv-05574-RJB-JRC ("*Anderson*").  In
12 *Anderson*, plaintiffs seek declaratory and injunctive relief under 42 U.S.C. § 1983 on their claims
13 that the discrepancy in detainees' pay between the SCC and other Washington State institutions
14 violates Equal Protection.  *Anderson*, Dkt. 59, at 10–11.

15 **DISCUSSION**

16       There is no right to the appointment of counsel in a § 1983 action, and a court will
17 appoint counsel only in exceptional circumstances.  *See Wilborn v. Escalderon*, 789 F.2d 1328,
18 1331 (9th Cir. 1986).  In determining whether exceptional circumstances exist, the Court looks to
19 both plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues
20 involved and the likelihood of success on the merits.  *Id.*
21       Regarding the likelihood of success on the merits, plaintiff relies on the Court's
22 appointment of counsel in *Anderson*.  *See* Dkt. 9, at 7.  Plaintiff argues that his equal protection
23 claim related to the difference between wages paid to SCC detainees and to detainees at other
24

institutions is similar enough to the claims in *Anderson* that he should be granted counsel in this matter, too. Dkt. 9, at 8. To the extent that his claims are duplicative of claims in *Anderson*, however, plaintiff has little likelihood of success on the merits of duplicative litigation. *See, e.g.*, *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (approving of dismissal with prejudice of lawsuit that was duplicative with another lawsuit pending in a district court), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

Otherwise, plaintiff's federal claims appear to have little likelihood of success on the merits. Plaintiff's claims for damages for constitutional violations, whether brought against the state or officials in their individual or official capacities as presently alleged are unlikely to succeed on the merits. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (noting that states, state entities, and state officials sued in their official capacities are not subject to suit under § 1983). Plaintiff seeks to hold individual defendants liable for damages on the basis of "respondeat superior," which is inadequate under § 1983. *See* Dkt. 1-1, at 3; *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 n.58 (1978). And regarding plaintiff's claims for prospective injunctive relief, such claims are only viable against state officials who have connection with the enforcement of the allegedly unconstitutional policy or statute. *See, e.g.*, *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999). The complaint fails to adequately explain why the named current and former SCC CEOs are persons who may be subject to liability. *Compare Anderson*, Dkt. 59 (naming the Secretary of DSHS as defendant).

The Court notes that plaintiff disavows that he seeks to proceed under § 1983. *See* Dkt. 9, at 2. Having reviewed plaintiff's complaint, the Court finds that plaintiff has not brought claims under any other federal law on which he would have a likelihood of success. Instead,

1  plaintiff appears to seek to recharacterize his complaint as a non-§ 1983 complaint but has not

2  explained the basis for such a claim.

3  Further, although plaintiff cites reasons why he needs assistance, the Court does not find

4  that these reasons are exceptional circumstances in light of the failure to demonstrate an apparent

5  likelihood of success on the merits.  Because plaintiff fails to show the exceptional

6  circumstances justifying the appointment of counsel, the Court does not reach the parties'

7  arguments regarding whether plaintiff qualifies financially.  The motion for appointment of

8  counsel (Dkt. 9) is denied.

9  Plaintiff requests that the Court consider his late-filed reply in support of his motion for

10  counsel as timely.  Dkt. 14, at 1.  The Court grants the request (Dkt. 14) and has considered the

11  reply when ruling on the motion for appointment of counsel.

12  Dated this 10th day of December, 2020.

_____
J. Richard Creatura
United States Magistrate Judge