UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY PAYNE,

         Plaintiff,

v.

DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al.*,

         Defendants.

CASE NO. 3:20-cv-05950-RJB-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on plaintiff's second motion to appoint counsel. Dkt. 28. For the reasons discussed below, the Court denies the motion.

**BACKGROUND**

Plaintiff, who is housed at the Special Commitment Center ("SCC"), brought suit against the Washington State Department of Social and Health Services ("DSHS"); the SCC; former SCC CEOs Henry Richards, William Van Hook, and Sjan Talbot; and then-CEO David Flynn for violating due process and equal protection by paying SCC detainees less than other similarly

situated DOC detainees.  *See generally* Dkt. 1-1.  Plaintiff also alleged that defendants were unjustly enriched.  *See* Dkt. 1-1, at 13.  He seeks damages and declaratory relief.  Dkt. 1-1, at 14.

The parties have since filed a stipulation that plaintiff's claims are limited to his allegations that defendants violated his right to Equal Protection by paying workers housed at the "Secure Community Transition Facilities" and Western State Hospital more than plaintiff receives at the SCC.  Dkt. 23, at 1; *see also* Fed. R. Civ. P. 41(a)(1)(A)(ii) (the parties may stipulate to dismissal of claims if all parties who have appeared sign the stipulation).

Before the parties entered the stipulation, plaintiff moved for the appointment of counsel, and the Court denied his request.  *See* Dkt. 17.  Plaintiff again moves for the appointment of counsel, defendants have filed a response, and the matter is ripe for decision.  Dkts. 28, 32, 38.

**DISCUSSION**

There is no right to the appointment of counsel in a § 1983 action, and a court will appoint counsel only in exceptional circumstances.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In determining whether exceptional circumstances exist, the Court looks to both plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved and the likelihood of success on the merits.  *Id.*  "Neither of these facts is dispositive and both must be viewed together[.]"  *Id.*

In support of his arguments that he is likely to succeed on the merits, plaintiff again relies on the appointment of counsel in a related case in this District, *Anderson v. Strange*, 3:19-cv-05574-RJB (W.D. Wash.).  *See* Dkt. 28, at 4.  But as this Court previously explained, to the extent that plaintiff raises the same claims as those in *Anderson*, in which plaintiff is also a plaintiff, plaintiff has little likelihood of success on the merits of duplicative litigation.  *See, e.g., Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (approving of dismissal

with prejudice of lawsuit that was duplicative with another lawsuit pending in a district court), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). This Court previously explained—

> Plaintiff's claims for damages for constitutional violations, whether brought against the state or officials in their individual or official capacities as presently alleged are unlikely to succeed on the merits. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (noting that states, state entities, and state officials sued in their official capacities are not subject to suit under § 1983). Plaintiff seeks to hold individual defendants liable for damages on the basis of "respondeat superior," which is inadequate under § 1983. *See* Dkt. 1-1, at 3; *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 n.58 (1978). And regarding plaintiff's claims for prospective injunctive relief, such claims are only viable against state officials who have connection with the enforcement of the allegedly unconstitutional policy or statute. *See, e.g.*, *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999). The complaint fails to adequately explain why the named current and former SCC CEOs are persons who may be subject to liability.

Dkt. 17, at 3 (denying plaintiff's first motion for appointment of counsel). Plaintiff does not provide a reason to depart from this Court's detailed previous analysis of the likelihood of success on the merits of this case. *See* Dkt. 17, at 3.

As plaintiff's second motion for the appointment of counsel illustrates, plaintiff is able to litigate his claims by providing cognizable legal argument supported by citations to authority. Moreover, the Court observes that since denying the motion for appointment of counsel in this matter, plaintiff and defendants have stipulated to narrowing the claims in this case, further supporting that plaintiff will be able to litigate his claims *pro se* in light of the complexity of the legal issues involved. *See* Dkt. 23.

The Court turns to the specific circumstances that plaintiff asserts in support of his present motion as preventing him from litigating this matter. First, plaintiff asserts that he is having issues with his legal mail. *See* Dkt. 28, at 2. However, as defendants point out, and as

the docket in this matter reflects, mail impediments have not prevented plaintiff from filing motions and responding to orders and motions in this litigation. *See* Dkt. 32, at 3; *see generally* Dkt. The Court is not persuaded by plaintiff's assertions in this regard.

Plaintiff asserts that it is difficult to conduct hearings while detained and to interview witnesses at the SCC and that he is not entitled to released residents' information. *See* Dkt. 28, at 3–4. Plaintiff also states that he is having ongoing breathing and health issues. *See* Dkt. 38, at 2. That having counsel would render litigation easier is not an exceptional circumstance that justifies the appointment of counsel. Moreover, difficulty interviewing witnesses and obtaining information are issues that are better addressed through discovery motions and the meet and confer process. *See* Local Civil Rule 37(a)(1) (requiring movants to meet and confer or attempt to meet and confer with opposing counsel before bringing discovery disputes before the Court).

Plaintiff claims that he will be transferred to another facility next month, to the "best of [his] knowledge." Dkt. 38, at 2. Plaintiff states that after his transfer, he will require permission to use the internet or library material. Dkt. 38, at 3. The mere possibility of future transfer is not enough to merit granting this motion. And even if plaintiff were transferred, difficulty litigating this matter after release is not enough to merit appointing counsel, standing alone, particularly in light of the lack of likelihood of success on the merits that the Court has previously noted.

## CONCLUSION

The motion for appointment of counsel (Dkt. 28) is denied. The Clerk's Office shall send plaintiff a copy of this Order.

Dated this 6th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge