UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY PAYNE,<br><br>        Plaintiff,<br> v.<br><br>DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, et al.,<br><br>        Defendants. | CASE NO. 20-5950 RJB-JRC<br><br>ORDER ON REPORT AND RECOMMENDATION AND VARIOUS OTHER MOTIONS |

   This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura (Dkt. 73), the Plaintiff's Motion for Summary Judgment (Dkt. 74) and the Defendants' Motion to Strike Plaintiff's Cross Motion for Summary Judgment (Dkt. 75). The Court has considered the pleadings filed regarding the Report and Recommendation, objections to the Report and Recommendation, and pending motions, and the remaining record.

   The Plaintiff is a resident at the Total Confinement Facility of the Special Commitment Center ("Total Confinement"), a post-sentence treatment facility for people designated by a court as sexually violent predators. Dkt. 1. After voluntarily dismissing all other claims (Dkts. 23-24),

1  Plaintiff asserts, *pro se,* that the Defendants violated his Fourteenth Amendment right to equal
2  protection by paying him less than resident workers at the Secure Community Transition
3  Facilities ("Transition Facilities") and Western State Hospital ("WSH").  This is the Plaintiff's
4  second case on the same issue.  In the other case, *Anderson, et. al. v. Menses,* U.S. Dist. Court
5  for the Western District of Wash. case number 3:19-cv-5574 RJB, the Plaintiff and several other
6  residents, by and through counsel, asserted the same claim.  Summary judgment for the
7  defendant was granted in *Menses* on February 8, 2022 and the case was dismissed.  *Menses,* Dkt.
8  105.

9  **Report and Recommendation.**  On April 6, 2022, the Report and Recommendation in
10  this case was filed and recommends granting the Defendants' two motions for summary
11  judgment.  Dkt. 73.  Consistent with the holding in *Menses,* the Report and Recommendation
12  recommends finding that the Plaintiff is not similarly situated to the other civilly committed
13  resident workers.  *Id.*  It recommends denial of Plaintiff's motion for declaratory judgment and
14  dismissal of the case with prejudice.  *Id.*  The Plaintiff moved for, and was granted, an extension
15  to April 27, 2022 to file objections.  Dkt. 77.

16  The Report and Recommendation (Dkt. 73) should be adopted and the case dismissed.
17  The Plaintiff's objections (Dkt. 78) do not provide grounds to reject the Report and
18  Recommendation.

19  In his objections, the Plaintiff argues that Declaration of Keith Devos, the Chief
20  Executive Officer of the Special Commitment Center, should not have been relied on in the
21  Report and Recommendation because it was signed off by a "Shawn Candella" for Mr. Devos.
22  Dkt. 78.

23
24

ORDER ON REPORT AND RECOMMENDATION AND VARIOUS OTHER MOTIONS - 2

On May 9, 2022, this Court offered the Defendants an opportunity to clarify the record. Dkt. 79. They filed the Second Declaration of Keith Devos. Dkt. 81. In it, Mr. Devos explains that Mr. Candella is the Deputy Chief Executive Officer of the Special Commitment Center. Dkt. 81. Mr. Devos states that he reviewed and approved the declaration at issue, but was out of the office when it needed to be signed. *Id.* Mr. Devos directed Mr. Candella to do so for him (Dkt. 81) and also signed the declaration and refiled it (Dkt. 81-1). The Report and Recommendation did not err by relying, in part, on Mr. Devos' Declaration.

The May 9, 2022 order did not give the Defendants leave to respond in any other manner to the Plaintiff's objections. While the Defendants supplemented their clarification of the record (Dkts. 81 and 81-1) with a response to the Plaintiff's objections (Dkts. 80 and 80-1), this response was not timely and they did not move for an extension of time to file it. Accordingly, the Defendants' response to the Plaintiff's objections (Dkts. 80 and 80-1) should not be considered further.

The Plaintiff maintains in his objections that he has not been given enough time to respond to the various motions and Reports and Recommendations filed in the case because he files documents by mail and it takes time for him to send and receive mail. Dkt. 78. The Plaintiff fails to acknowledge that he has been afforded the benefit of the "mail box" rule each time he files his pleadings. Although inmates in Washington's prisons send and receive filings electronically, the Plaintiff is in no different a position than inmates of jails, other civilly detained people, or parties proceeding *pro se* who do not file electronically. Moreover, he has received several extensions of time to file his pleadings. The Plaintiff has responded to motions, Reports and Recommendations, and other pleadings filed in the case. He makes no showing that he has been prejudiced.

The Plaintiff lastly objects by arguing that the Report and Recommendation does not address his key argument – that he is claiming that as a Total Confinement resident, he is treated differently than those in the Transition Facilities who work jobs "inside" the parameters of the facility, who he maintains are similarly situated to him. *Id.* Despite the Plaintiff's assertions to the contrary, the Report and Recommendation addresses his claim. Further, the Plaintiff's assertion makes the underlying assumption that he has not proved, that he is, in fact, similarly situated to those in the Transition Facilities. While he argues that the Report and Recommendation improperly relied on "SCC Policy 02.12 Therapy Services," rather than the policy that he contends applied during the time he was working, "Residential Vocational Policy 214," he acknowledges that the language in both policies is identical.

None of these objections provide a basis to reject the Report and Recommendation. It should be adopted.

**Plaintiff's Motion for Summary Judgment.** On April 15, 2022, (**after** the Report and Recommendation was filed) the Plaintiff filed his "Cross Motion for Summary Judgment." Dkt. 74. In his motion, the Plaintiff again asserts that he is similarly situated to the resident workers in the Transition Facilities. Dkt. 74. Yet, he fails to point to any evidence to support his contention. He repeats arguments made in his response to the Defendants' motion for summary judgment. Dkts. 68 and 74. As stated in the Report and Recommendation, they are without merit. The Plaintiff also refers to "class of one" equal protection claims. Dkt. 74. To the extent the Plaintiff now asserts a class of one equal protection claim, he still must show that he is similarly situated to the resident workers at the Transition Facilities, *Gerhart v. Lake Cty.*, Mont., 637 F.3d 1013, 1022 (9th Cir. 2011)(*holding* to succeed in a class of one equal protection claim,

ORDER ON REPORT AND RECOMMENDATION AND VARIOUS OTHER MOTIONS - 4

a plaintiff must demonstrate that they were: (1) intentionally (2) treated differently than other similarly situated people, (3) without a rational basis), and has failed to do so.

As stated above, the Defendants' motion for summary judgment should be granted. The Plaintiff's cross motion for summary judgment (Dkt. 74) should be denied. His arguments are addressed in the Report and Recommendation. Moreover, the Plaintiff's has failed to demonstrate that he is entitled to a judgment as a matter of law.

**Defendants' Motion to Strike Plaintiff's Cross Motion for Summary Judgment**. The Defendants' motion to strike (Dkt. 75) should be denied as moot. While the Defendants properly point out that the Plaintiff's cross motion for summary judgment was filed two months too late, the issues raised in the motion are intertwined with those in the Report and Recommendation and so the Plaintiff's cross motion for summary judgment was addressed in this order.

**IT IS ORDERED THAT:**

- The Report and Recommendation (Dkt. 73) **IS ADOPTED**;
  - The Defendants' Motion for Summary Judgment and Second Motion for Summary Judgment (Dkts. 42 and 52) **ARE GRANTED**;
  - The Plaintiff's Motion for Declaratory Judgment and Cross Motion for Summary Judgment (Dkts. 47) **ARE DENIED**;
- The Plaintiff's Cross Motion for Summary Judgment (Dkt. 74) **IS DENIED;**
- The Defendants' Motion to Strike Plaintiff's Cross Motion for Summary Judgment (Dkt. 75) **IS DENIED AS MOOT;** and
- This case **IS DISMISSED**.

ORDER ON REPORT AND RECOMMENDATION AND VARIOUS OTHER MOTIONS - 5

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Creatura, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of May, 2022.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge